**MINGQIANG XIE, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–72361.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2015.*

Filed Oct. 22, 2015.

Jisheng Li, Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Gary J. Newkirk, Trial, Oil, Daniel Shieh, Esquire, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, BERZON, and WATFORD, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Mingqiang Xie, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. See Zehatye v. Gonzales, 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

Substantial evidence supports the agency's finding that Xie's experience of escaping arrest during a Christian house church service in China did not rise to the level of persecution. See Gu v. Gonzales, 454 F.3d 1014, 1020–21 (9th Cir.2006). The record does not support Xie's contention that he was disallowed from practicing his religion. In addition, the record does not compel the conclusion that Xie established a well-founded fear of future persecution. See id. at 1021–22 (speculative fear of persecution based on hearsay testimony did not compel conclusion that house church participant established a well-founded fear of persecution). Thus, Xie's asylum claim fails.

Because Xie failed to establish eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. See Zehatye, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.